### NATIONAL LABOR RELATIONS BOARD v. AMERICAN WHITE CROSS LABORATORIES, Inc.

#### No. 141, Docket 20355.

Circuit Court of Appeals, Second Circuit.
Feb. 19, 1947.

---

Ben Grodsky, all of Washington, D. C., for petitioner.

Herman L. Falk, of New York City, for respondent.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The Board found as a fact that the company discharged the employee because of the A. F. of L. Union's request, and that, to the company's knowledge at the time, that request was based in substantial part on the fact that she had testified at the Board's hearing on January 15, 1944. Substantial evidence supports this finding. On the basis of the facts found, we think the Board did not err in concluding that the discharge violated § 8(4). The closed-shop proviso of § 8(3) and the closed-shop contract cannot be read as requiring or authorizing an employer to act in violation of § 8(4). The "testimony" referred to in that subsection relates to testimony given in any proceeding under the Act.

2. The Board also found that the company knew when it discharged the employee that the discharge-request was in part based upon her efforts on behalf of the C. I. O. Union. Substantial evidence supports that finding. On the basis of that finding, the Board held that the company violated § 8(3) of the Act and had interfered with its employee in the exercise of rights guaranteed by § 7.

We think this holding correct, in the light of Wallace Corporation v. National Labor Relations Board, 323 U.S. 248, 65 S.Ct. 238, 89 L.Ed. 216. Cf. Local No. 2880 v. N. L. R. B., 9 Cir., 158 F.2d 365. We cannot agree with the suggestion that the Wallace case turned on the fact that there the company colluded with the union,[2] or the fact that there the union was company-dominated.[3] We regard it as irrelevant that here the employee had a civil remedy against the Union. See N. L. R. B. v. Newark Ledger Co., 3 Cir., 120 F.2d 262, 268. Nor is it pertinent that, to the company's knowledge, there were other

Gerhard P. Van Arkel, Morris P. Glushien, A. Norman Somers, Ida Klaus, and

[2] See 323 U.S. at pages 252, 253, 65 S. Ct. 238, 89 L.Ed. 216.

[3] See 323 U.S. at pages 271, 272, 65 S. Ct. 238, 89 L.Ed. 216.

grounds for the discharge-request. See N. L. R. B. v. Remington-Rand Inc., 2 Cir., 94 F.2d 862, 872.[4]

Enforcement granted.

[4] Moreover, as this objection was not made before the Board, it cannot be considered by us. N. L. R. B. v. Cheney Cal. Lumber Co., 327 U.S. 385, 66 S.Ct. 553.