NATIONAL LABOR RELATIONS BOARD v. VOLNEY FELT MILLS, Inc.

No. 271, Docket 20507.

Circuit Court of Appeals, Second Circuit.

June 2, 1947.

Francis X. Helgesen, of Buffalo, N. Y., for petitioner.

John E. Lynch, of Syracuse, N. Y., for respondent.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The only evidence of the examiner's bias which the respondent offers is his putative declaration to its vice-president, after all the testimony had been taken. One, Tony Cincotta, the respondent's plant superintendent, had been one of its most important witnesses, and had denied the statements which the respondent's employees charged against him, and which were a large factor in the Board's conclusion that they had been improperly discharged. The examiner had said: "Tony was a good witness. While he got a little confused and had difficulty in expressing himself, it was very evident that he was telling the truth." When the examiner came to file his report he refused to credit Cincotta's denials of the statements which had been imputed to him.

The words attributed to the examiner—which arguendo we assume that he uttered—show affirmatively that, at any rate at that time, he was impartial and his change of mind, during the seven weeks that intervened before he filed his report, must be ascribed to one of two possible sources: an impartial study of the testimony as a whole; some improper intervening influence. It seems hardly necessary to labor the argument that such a shift in conclusion is not an adequate basis for refusing the first explanation, and adopting the second. Indeed, we should live in much trepidation, if such a standard of consistency during all stages of our deliberations were demanded of us personally.

Enforcement order granted.