## NATIONAL LABOR RELATIONS BOARD *v.* CHENEY CALIFORNIA LUMBER CO.

No. 319.   Argued January 9, 10, 1946.—Decided February 25, 1946.

*Ruth Weyand* argued the cause for petitioner. With her on the brief were *Solicitor General McGrath* and *Isadore Greenberg.*

No appearance for respondent.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

Cheney California Lumber Company, the respondent, operated a sawmill at Greenville, California. Some employees of the Company were members of Lumber and Sawmill Workers, Local 2647, affiliated with the American Federation of Labor. The union complained to the National Labor Relations Board that the Company had engaged in unfair labor practices, in violation of § 8 of the Wagner Act, 49 Stat. 449, 452, 29 U. S. C. § 158. Following the usual procedure, there was a hearing before a trial examiner who made an intermediate report, including specific recommendations for a cease-and-desist order. The Company filed no exceptions to this report, nor did it request an oral argument before the Board. Upon due consideration, the Board adopted the findings, conclusions, and recommendations of the trial examiner. 54 N. L. R. B.

205. Thereupon the Board asked the Circuit Court of Appeals for the Ninth Circuit to enter a decree upon its order. The Company then proposed modifications of the Board's order, which were granted by the court below: 149 F. 2d 333. The Government petitioned for *certiorari* urging that one of the changes made by the Circuit Court of Appeals was based on a misconception of *Labor Board* v. *Express Publishing Co.*, 312 U. S. 426, as to the allowable scope of the Board's power "to effectuate the policies" of the Act. § 10 (c), 49 Stat. 454, 29 U. S. C. § 160 (c). So we brought the case here. 326 U. S. 706. Upon the argument, this was the only modification to which the Government objected. We shall not consider the others. The court below struck out from the Board's order paragraph 1 (b) whereby the Company was ordered, after appropriate treatment of the unfair labor practice arising from prohibited discharge of employees, to cease and desist from

"(b) In any other manner interfering with, restraining, or coercing its employees in the exercise of the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection, as guaranteed in Section 7 of the Act."

The court found warrant for its excision of this provision in *Labor Board* v. *Express Publishing Co., supra.* That case, however, recognized that it was within the power of the Board to make an order precisely like 1 (b). It merely held that whether such an inclusive provision as 1 (b) is justified in a particular case depends upon the circumstances of the particular case before the Board. See 312 U. S. at 433, 437–38. Here the trial examiner recommended the inclusion of 1 (b) on the basis of his review of past hostilities by the Company against efforts at unionization; no exception was made either to the findings or to this recommendation; upon full consideration of the record the Board adopted the trial examiner's

recommendation; no objection was raised by the Company until after the Board sought judicial enforcement of its order. The objection came too late.

When judicial review is available and under what circumstances, are questions (apart from whatever requirements the Constitution may make in certain situations) that depend on the particular Congressional enactment under which judicial review is authorized. Orders of the National Labor Relations Board are enforceable by decrees of circuit courts of appeals. In such an enforcement proceeding, a court of appeals may enforce or modify or set aside the Board's order. § 10 (e), 49 Stat. 454, 29 U. S. C. § 160 (e). Since the court is ordering entry of a decree, it need not render such a decree if the Board has patently traveled outside the orbit of its authority so that there is, legally speaking, no order to enforce. But the proper scope of a Board order upon finding unfair labor practices calls for ample discretion in adapting remedy to violation. We have said that "in the nature of things Congress could not catalogue all the devices and stratagems for circumventing the policies of the Act. Nor could it define the whole gamut of remedies to effectuate these policies in an infinite variety of specific situations. Congress met these difficulties by leaving the adaptation of means to end to the empiric process of administration. The exercise of the process was committed to the Board, subject to limited judicial review." *Phelps Dodge Corp.* v. *Labor Board,* 313 U. S. 177, 194.

A limitation which Congress has placed upon the power of courts to review orders of the Labor Board is decisive of this case. Section 10 (e) of the Act commands that "No objection that has not been urged before the Board, its member, agent or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." We have heretofore had occasion to respect this explicit direction of Congress. *Marshall Field & Co.* v. *Labor*

*Board,* 318 U. S. 253; and see *May Department Stores Co.* v. *Labor Board,* 326 U. S. 376, 386, n. 5. By this provision, Congress has said in effect that in a proceeding for enforcement of the Board's order the court is to render judgment on consent as to all issues that were contestable before the Board but were in fact not contested. Cf. *Pope* v. *United States,* 323 U. S. 1. We can say of this case, as was said of the *Marshall Field* case, *supra,* that it "gives emphasis to the salutary policy adopted by § 10 (e) of affording the Board opportunity to consider on the merits questions to be urged upon review of its order." *Marshall Field & Co.* v. *Labor Board, supra,* at 256. The appropriateness of such a prohibition as the Board's order contains depends, as the *Express Publishing Company* case, *supra,* abundantly shows, upon evidence found by the Board disclosing a course of conduct against which such an order may be the only proper remedy. The Board here so found. Justification of such an order, which necessarily involves consideration of the facts which are the foundation of the order, is not open for review by a court if no prior objection has been urged before the case gets into court and there is a total want of extraordinary circumstances to excuse "the failure or neglect to urge such objection . . ." Congress desired that all controversies of fact, and the allowable inferences from the facts, be threshed out, certainly in the first instance, before the Board. That is what the Board is for. It was therefore not within the power of the court below to make the deletion it made.

*Judgment reversed.*

Mr. Justice Jackson took no part in the consideration or decision of this case.

Mr. Chief Justice Stone, concurring.

I concur on a ground which the Court's opinion points out and which is alone sufficient to sustain its decision,

namely, that the court below erroneously applied *Labor Board* v. *Express Publishing Co.,* 312 U. S. 426. But I·cannot say that when the court below was appealed to as a court of equity to enforce by its injunction the Board's order, § 10 (e) of the National Labor Relations Act rendered the court powerless to frame its own injunction consistently with the record, on which that section requires it to act, and in conformity to accepted principles governing the scope of the injunction; or that if the tables were turned the section would require the reviewing court to repeat, by the excessive scope of its injunction, the very abuse of power condemned by the *Express Publishing Company* case.

The prohibition by § 10 (e) of the court's consideration of objections which the parties did not urge before the Board is a limitation upon the court's review of the grounds for granting or denying relief. This Court has treated it as such. See *Marshall Field & Co.* v. *Labor Board,* 318 U. S. 253. But we have not held that § 10 (e) could, and I think it cannot rightly, be construed to be also a limitation on the court's power to conform its own process to accepted legal standards applied to the "entire record" which § 10 (e) requires to be filed with it. Nor is that prohibition a command to the court to act as a mere ministerial agency to execute the order of the Board, without regard to those standards which control the court's use of its own process, even though the Board and the parties have ignored them.

Only recently we have held that the imposition of a mandatory duty on a federal court of equity to restrain violations of a statute is not to be taken as depriving the court of its traditional power to administer its remedies according to its own governing principles and in conformity to the standards of public interest. See *Hecht Co.* v. *Bowles,* 321 U. S. 321, 331. In that case we held that a command explicitly addressed to a court of equity,

by § 205 (a) of the Emergency Price Control Act of 1942, to grant an injunction enforcing the act when violation of it is shown, did not deprive the court of its equitable discretion to grant or withhold an injunction. It has been well said that § 205 (a), which directs that the court upon showing of violation "shall" grant the injunction, "does not change the historic conditions for the exercise by courts of equity of their power to issue injunctions . . ." 321 U. S. 331.

It should likewise be held that the present statute does not alter the power of a court of equity to frame its injunction according to equitable principles applied in the light of the record on which it must act. Here the statute is not mandatory. It does not purport to curtail the court's power to define the scope of its process. The section only confers on the court the power to make "a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board." This emphasizes what was implicit in the statute involved in the *Hecht* case, and made explicit by the opinion, that when a statute authorizes an appeal to equity to enforce a liability created by statute, the exercise is invoked of those powers which pertain to it as a court of equity. This at least includes the power to fix, on its own motion, the scope of the decree which it may be required to enforce by contempt proceedings, in conformity to recognized equitable standards applied to the record before it.