## NATIONAL LABOR RELATIONS BOARD v. SUN TENT–LUEBBERT CO. et al.

### No. 10533.

Circuit Court of Appeals, Ninth Circuit.

March 2, 1946.

Alvin J. Rockwell, Gen. Counsel, N.L.R.B., Malcolm F. Halliday, Associate Gen. Counsel, Frank Donner, William J. Isaacson, and Joseph Robison, all of Washington, D. C., for petitioner.

Harry William Elliott and C. R. Leslie, both of Los Angeles, Cal., for respondent Merchants & Manufacturers Ass'n.

Rosecrans & Emme, of Los Angeles, Cal., for Los Angeles Central Labor Council, as amicus curiae.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

PER CURIAM.

On reconsideration of our opinion of August 30, 1945, upon which the petition for rehearing was pending and denied within this term of court, we conclude that there should be included in the decree in this case the following cease and desist orders of the National Labor Relations Board, i. e., to cease and desist from

"(2) Soliciting and collecting funds from the canvas companies, or any other employer, to be used in whole or in part for the purpose of interfering with the rights guaranteed in Section 7 of the Act [29 U.S.C.A. § 157];

"(3) In any other manner interfering with, restraining, or coercing the employees of the canvas companies, or of any other employer, in the exercise of the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining, or other mutual aid and protection, as guaranteed in Section 7 of the Act."

The Supreme Court in its opinion in National Labor Relations Board v. Cheney California Lumber Co., 66 S.Ct. 553, 554, stated of the following cease and desist order—

" '(b) In any other manner interfering with, restraining, or coercing its employees in the exercise of the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection, as guaranteed in Section 7 of the Act.'

"The court found warrant for its excision of this provision in [National] Labor Relations Board v. Express Pub. Co., supra (312 U.S. 426, 433, 61 S.Ct. 693, 85 L. Ed. 930). That case, however, recognized that it was within the power of the Board to make an order precisely like 1 (b). It merely held that whether such an inclusive provision as 1 (b) is justified in a particular case depends upon the circumstances of the particular case before the Board. See 312 U.S. at pages 433, 437, 438, 61 S.Ct. at pages 698, 700, 701, 85 L.Ed. 930." U.S. Sup.Ct.Bulletin, Volume 6, February 25, 1946, p. 681, at 682.

In the instant case it is our opinion that the Board properly overruled the respondents' exceptions to the trial examiner's recommendations that such orders should be made and that the evidence supports the finding that:

"The unfair labor practices committed by the respondents with respect to the employees of the canvas companies were in fact executed as an integral part of a coordinated scheme or plan designed by the institutional respondents as a means of assisting all employers of Southern California in interfering with, restraining, and coercing their employees in the exercise of the rights guaranteed to such employees under the Act. Such coordinated plan, if again applied, will inevitably bring about a further concerted violation of the Act, similar in kind to the unfair labor practices found. Since the institutional respondents have publicly and persistently invited all employers of Southern California to enlist their services in introducing such plan among their employees, it is reasonable to assume, and we find, that the institutional respondents are fully equipped for, and ready to proceed with, the commission of similar unfair labor practices with respect to the employees of other employers, unless ordered to refrain from so doing,"
and that the finding warrants our decree enforcing the above orders.

It is ordered that the words beginning on page 1 of our decree "that the order of said National Labor Relations Board herein be modified by striking out sentences (2) and (3) of paragraph a. of section 3 of the order" be stricken therefrom and that the above cease and desist orders (2) and (3) be inserted in the decree on page 5 thereof after the paragraph beginning first thereon.

DENMAN and BONE, Circuit Judges, concur.