**WILLOW CROSSING DAIRY FARM, INC., Plaintiff,**

v.

**Clifford M. HARDIN, Secretary of Agriculture, United States Department of Agriculture, Defendant.**

**Civ. A. No. 70–1140.**

United States District Court, W. D. Pennsylvania.

May 28, 1970.

Daniel J. Snyder, Greensburg, Pa., for plaintiff.

Thomas A. Daly, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is before me on the defendant's Motion to Dismiss, and cross-motions for summary judgment. The plaintiff sought a review of a determination of the Secretary of Agriculture which concluded that the plaintiff was not a "producer-handler" within the meaning of 7 C.F.R. 1036.14.

An appeal from this determination was filed in this Court pursuant to 7 U. S.C. § 608c (15) (B) which provides, inter alia, that "The District Courts of the United States in any district in which such handler is an inhabitant, or has his principal place of business, are vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty days from the date of the entry of such ruling. * * *"

The plaintiff is a Pennsylvania Corporation with its principal office and place of business in Hempfield Township, Westmoreland County, Pennsylvania, and therefore within the Western District of Pennsylvania. Jurisdiction is properly vested in this Court if the complaint was timely filed. The ruling which is appealed here was entered on September 2, 1970, and the complaint was not filed with the Clerk of Court until September 28, 1970. Because of the expiration of 26 days between the entry of judgment and the filing of the complaint, the defendant argues that this Court is without jurisdiction to hear the appeal, and that therefore the complaint should be dismissed.

At argument, counsel for the plaintiff did not contest the fact that the ruling which the plaintiff seeks to appeal was entered on September 2; that the plaintiff received notice of the ruling on September 4, and that counsel for the plaintiff received a copy of the ruling on September 8, 1970. Counsel for the plaintiff argues that because he did not receive notice of the ruling until September 8, the twenty day period should run from that date and, consequently, the filing of the complaint on September 28 was within the statutory period.

In Switchmen's Union of North America v. National Mediation Board, 320 U. S. 297, 301, 64 S.Ct. 95, 97, 88 L.Ed. 61 (1943), it was held that "Congress for

reasons of its own decided upon the method for the protection of the 'right' which it created. * * * All constitutional questions aside, it is for Congress to determine how the rights which it creates shall be enforced." And, "when judicial review is available and under what circumstances, are questions * * * that depend on the particular Congressional enactment under which judicial review is authorized." National Labor Relations Board v. Cheney Cal. Lumber Co., 327 U.S. 385, 388, 66 S.Ct. 553, 554, 90 L.Ed. 739 (1946). While counsel for the parties were unable to cite any appellate determinations of the issue in question, it has been held that the section of the Act providing for judicial review of a determination by the Secretary of Agriculture is an exclusive remedial procedure. United States v. Wood, 61 F.Supp. 175 (D.C.Mass.1945).

■ The fundamental provisions underlying judicial review of administrative determinations is embodied in the Administrative Procedure Act, 5 U.S.C. § 701 et seq., which provides for redress to the courts by one " * * * suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute * * *." 5 U.S.C. § 702 " * * * [J]udicial review of * * * administrative action is the rule, and nonreviewablity an exception which must be demonstrated," Barlow v. Collins, 397 U.S. 159, 166, 90 S.Ct. 832, 838, 25 L.Ed.2d 192 (1970), and " * * * only upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." Abbott Laboratories v. Gardner, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967).

■ Where statutory jurisdiction is conferred on a district court to hear appeals from an administrative agency, such action is predicated on an individual's pursuing his remedies within the bounds prescribed in the applicable statute. Mack v. Finch, 313 F.Supp. 478 (W.D.Pa.1970). Thus, in this case, where Congress mandated specific jurisdictional requirements and especially provided the time in which an appeal was to be filed, the question of whether or not the district court jurisdiction is properly invoked depends upon a resolution of the meaning of the term "entry of such ruling", as embodied in the Congressional intent.

■ It does not appear that our courts have been called upon to interpret this phrase in relation to the Agricultural Adjustment Act, under which this suit is brought. Since no peculiar interpretation has been placed upon the term "entry", it will be interpreted as it is normally employed. "The word is frequently used, particularly in commerical law and in practice, as referring to the act of committing to writing, or of recording in a book * * * and has been defined as meaning the act of making or entering a record, or a setting down in writing of particulars * * *." 30 C.J.S. Entry page 724. " 'Entry,' or entering, is ordinarily synonymous with recording. It connotes a greater duty than, or additional to, that preservation which is the essence of filing." The Washington, 16 F.2d 206, 208 (C.A. 2, 1926). It is the clerical procedure of recording. Neely v. Merchants Trust Co. of Red Bank, N. J., 110 F.2d 525 (C.A. 3, 1940).

The Act does not specify that the time to perfect an appeal is to run from the time of receipt of the ruling. But since it does clearly state that the twenty day period runs from the entry of that ruling which was on September 2, 1970, it is obvious according to the Act's tenor that the instant complaint was not timely filed in accordance with Congressional intent. I am accordingly precluded from gaining jurisdiction over the subject matter, and the defendant's motion to dismiss the complaint must be granted. The cross motions for summary judgment, being moot, are therefore dismissed.