**Harland W. CHIDSEY, dba Harland W. Chidsey Farms, Complainant-Appellee,**

v.

**Bert A. GEURIN, dba Bert Geurin, Respondent-Appellant.**

Civ. A. No. 54.

United States District Court,
W. D. Michigan, S. D.

June 30, 1970.

Justin H. Corcoran, Penn Yan, N. Y., for complainant-appellee.

Edward M. Yampolsky, Saint Joseph, Mich., for respondent-appellant.

## OPINION

FOX, District Judge.

Petitioner is appealing a reparation order issued March 15, 1968, by the Secretary of Agriculture pursuant to the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. § 499a et seq.).

District courts are given authority to hear such appeals in Section 7(c) of the Act, 7 U.S.C. § 499g(c):

Appeal from reparation order; proceedings

(c) Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court of the United States for the district in which said hearing was held: *Provided*, That in cases handled without a hearing in accordance with subsections (c) and (d) of section 499f of this title or in which a hearing has been waived by agreement of the parties, appeal shall be to the district court of the United States for the district in which the party complained against is located. Such appeal shall be perfected by the filing with the clerk of said court a notice of appeal, together with a petition in duplicate which shall recite prior proceedings before the Secretary and shall state the grounds upon which the petitioner relies to defeat the right of the adverse party to recover the damages claimed, with proof of service thereof upon the adverse party. Such appeal shall not be effective unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered

by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail. \* \* \*

Petitioner moved, within the thirty day appeal period, for leave to proceed with his appeal without posting bond as required above. This court granted petitioner's request on May 20, 1969.

On August 15, 1969, the Secretary of Agriculture filed a brief as amicus curiae suggesting dismissal of this appeal for lack of jurisdiction. The Secretary contends that, unless the required bond is posted within thirty days of the date of the reparation order, the District Court lacks jurisdiction to hear the appeal.

The Secretary's position is supported by the language of the statute, as amended in 1962 (P.L. 87–725, 76 Stat. 673), and by the Congressional Committee reports accompanying the 1962 amendment:

Section 9. Bond on appeal

Section 9 amends section 7(c) of the act to make it clear that an appeal from a reparation award of the Secretary shall not be effective as an appeal, and therefore not a matter within the jurisdiction of the district court of the United States in which the petition is filed, unless the required bond is filed with the court within 30 days from and after the date of the Secretary's order. It is also provided that the required bond shall be in the form of cash, negotiable securities having a market value at least equivalent to the amount of bond prescribed, or the undertaking of a recognized surety company. 2 U.S. Cong. & Adm.News '62, p. 2754

There are no reported cases holding on the bond requirement of the statute, but it has been held that a failure to timely file an appeal pursuant to the above statute deprived the District Court of jurisdiction. American Fruit Growers v. Lewis D. Goldstein Fruit & Produce Corp., 78 F.Supp. 309 (E.D.Pa. 1948).

In response to a show cause order, plaintiff argues:

(1) That the bond requirement is not jurisdictional, but is a mere supersedeas.

Plaintiff cites Login Corp. v. Botner, 74 F.Supp. 133 (D.C.Cal.1947), and W. H. Lailer & Co. v. C. E. Jackson Co., 75 F.Supp. 827 (D.C.Mass.1948), to support his assertions.

The favorable language in the above cases was made obsolete by the 1962 amendment to section 499g(c). Since the intent of Congress to make the filing of a bond within thirty days jurisdictional is now clear, Login and Lailer cannot control.

(2) That if the bond requirement is found to be jurisdictional, such requirement violates plaintiff's Fifth Amendment due process guarantees.

Plaintiff was refused the required surety bond because of lack of sufficient assets. He therefore claims that conditioning appeal from reparation orders on financial ability to post bond is an unconstitutional discrimination.

The Supreme Court has used equal protection and due process to invalidate state statutes whose effect is to discriminate against the poor. These statutes made a money payment a condition precedent to enjoyment of certain important rights, such as voting (poll tax unconstitutional—Harper v. Virginia State Board of Elections, 383 U.S. 663, 86 S. Ct. 1079, 16 L.Ed.2d 169 (1966)), and various incidents of the criminal process. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed.2d 891 (1956); Douglas v. Calif., 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The above cases impose a duty on the state to insure that no person be denied important privileges because of lack of funds. The same standards will apply to the federal government via the Fifth Amendment.

However, a legislative differentiation in terms of ability to pay is not per se unlawful. As the above cases indicate, the affected right must be one of fundamental importance. In the area of criminal law, both the individual and the

community interest in personal liberty demands that such interest not be impaired because of financial constraints in the criminal process. With respect to voting, individual and community interest in political participation requires that this not be stifled by lack of funds.

Plaintiff here has not presented any grounds for holding that his situation is analogous to that in the above equal protection cases. He does not develop his argument because he erroneously concludes that if the court reaches the constitutional issue, a three judge court is required.

■ Congress may authorize review of administrative actions upon any terms it chooses as long as no constitutional rights are infringed. N. L. R. B. v. Cheney Cal. Lumber Co., 327 U.S. 385, 388, 66 S.Ct. 553, 90 L.Ed. 739 (1946).

Here, if the legislative classification on the basis of financial capacity is reasonably related to a valid congressional purpose, then the classification is constitutionally sound.

The court quotes the following from the amicus brief of the Department of Agriculture:

"It is the 'goal of the [Perishable Agricultural] Commodities Act that only financially responsible persons should be engaged in the business subject to the act.' Zwick v. Freeman, 373 F.2d 110, 117 (2nd Cir. 1967), cert. den. 389 U.S. 835 [88 S.Ct. 43, 19 L.Ed.2d 96]. The Zwick court further states that there is a 'clearly recognized need to have financially responsible persons as licensees or employees of licensees under that Act.' 7 U.S.C. 499g(c) provides for a classification based on that 'goal' and that 'clearly recognized need.' If an individual is not financially responsible,

he cannot keep his license, and keep running up debts through the long process of appeals. The classification provided for is, therefore, clearly reasonable. 7 U.S.C. 499g(c); 1962 U.S.Cong.Code 275 [2755]; Zwick v. Freeman, 373 F.2d 110 (2nd Cir. 1967), cert. den. 389 U.S. 835 [88 S. Ct. 43, 19 L.Ed.2d 96]."

The standard of reasonableness to be applied depends, to an extent, on the importance of the individual and community interests threatened by the challenged legislation. It has never been hinted that the right to appeal administrative decisions in areas not involving civil liberties is of fundamental importance to the individual. The public does, of course, have an interest in seeing that administrative procedures are lawfully conducted. Appeals are important in asserting this interest. But it does not appear that the limited conditioning of appeals in the area involved in this case is a threat to the public's interest in having effective appeal available to those affected by administrative decision making.

■ Therefore, because no fundamental interest of the plaintiff is threatened and because, viewed in this light, there appears to be reasonable basis for the financial prerequisite of appeal, plaintiff's constitutional rights will not be infringed by the enforcement of the bond requirement.

In conclusion, it appears that the bond requirement is indeed jurisdictional. 28 U.S.C.A. § 1915 is of no help here as it deals only with fees and costs. Plaintiff has not established a violation of his constitutional rights. In these circumstances the court should give effect to the congressional intent expressed in section 499g(c) and dismiss plaintiff's claim.