Gladys P. **HUNT**, Plaintiff,

v.

Caspar **WEINBERGER**, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 73–3906.

United States District Court, D. Hawaii.

Jan. 22, 1974.

---

Andrew Pansic, Jr., Hawaii Legal Services Project, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiff.

Warren H. Higa, Asst. U. S. Atty., Harold M. Fong, U. S. Atty., Honolulu, Hawaii, for defendant.

## ORDER GRANTING MOTION TO DISMISS

SAMUEL P. KING, District Judge.

This is an action brought by Gladys P. Hunt for review of an adverse decision of the Appeals Council of the Social Security Administration. The plaintiff first filed an application for disability insurance benefits on July 8, 1970, alleging inability to work since November 1967, due to a back condition. The claim was denied initially and upon reconsideration. In a subsequent hearing before an administrative law judge, the plaintiff was found not to be entitled to any benefits. Upon the request of the plaintiff, the Appeals Council reviewed her claim and on April 17, 1973, affirmed the decision of the administrative law judge. The plaintiff was notified by mail of this determination and advised that any civil action for judicial review would have to be commenced within sixty days.

On June 10, 1973, the plaintiff requested an extension of time to commence action and the Appeals Council responded by extending the period to August 17, 1973. A few days prior to the second deadline, plaintiff again sought an extension but this request was denied. This action was then filed on August 30, 1973.

The United States, as sovereign, may be sued only where the maintenance of such an action is clearly within an authorizing statute. Since the terms of its consent to be sued in any court define that court's jurisdiction to entertain the action, there can be no extension of the waiver of immunity beyond the provisions of the statute. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941);

Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); United States v. Christensen, 207 F.2d 757 (10th Cir. 1953) and the cases there cited. *See also* Labor Board v. Cheney Lumber Co., 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739 (1946). Such provisions operate as a condition of liability and there can be no recovery unless the condition precedent is fulfilled. *See* Zeller v. Folsom, 150 F.Supp. 615 (N.D.N.Y.1956) and Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962).

 Judicial review of final decisions on claims arising under the Social Security Act is provided for and limited by sections 205(g) and (h) of that Act (42 U.S.C. § 405(g) and (h)). In pertinent part they read as follows:

(g) Any individual, after any final decision of the Secretary [1] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . .

(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . .

It is clear from the above provisions that the only civil action allowed on any claim arising under that Act is one to review the final administrative decision and that such action must be commenced within sixty days or within such further time as may be allowed by the Secretary. *See Bomer, supra;* Ewing v. Risher, 176 F.2d 641 (10th Cir. 1949); Bohn v. Finch, 320 F.Supp. 270 (D.C. La.1970).

 The statute gives the Secretary the discretion to allow further time in which to file the action. It does not confer upon the court either the right to compel him to do so or the jurisdiction to entertain an action which is filed after the expiration of the time allowed. Plaintiff's failure to file the complaint on or before August 17, 1973, extinguished her right to judicial review of the Council's decision.

For the foregoing reasons, defendant's motion to dismiss is hereby granted.

---

1. By virtue of federal regulation 20 C.F.R. § 404.951, the decision of the Appeals Council is the "final decision" of the Secretary.