30 F.3d 134
 146 L.R.R.M. (BNA) 3152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GREAT LAKES DECORATING SERVICES, INC. and David Dine, a Sole
Proprietor d/b/a Great Lakes Industrial Decorating and a/k/a
Great Lakes Industrial Decorating Services, Inc., a Single
Employer, Respondents.
 No. 94-5505.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board (the "Board") for summary entry of a judgment against Respondents, Great Lake Decorating Services, Inc. and David Dine, a Sole Proprietor d/b/a Great Lakes Industrial Decorating and a/k/a Great Lakes Industrial Decorating Services, Inc., a Single Employer, Bay City, Michigan, their officers, agents, successors, and assigns, enforcing its order dated June 28, 1993, in Case No. 7-CA-34131. Respondent David Dine opposes the application for summary enforcement. The Court concludes, however, that Respondent has failed to demonstrate any extraordinary circumstance excusing the failure of Respondents to appear before the Board and answer the complaint against them. The Court, therefore, cannot consider the objections to the application for summary enforcement. 29 U.S.C. Sec. 160(e); see NLRB v. Cheney California Lumber Co., 327 U.S. 385, 388-89 (1946). It therefore is
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondents, Great Lakes Decorating Services, Inc. and David Dine, a Sole Proprietor d/b/a Great Lakes Industrial Decorating and a/k/a Great Lakes Industrial Decorating Services, Inc., a Single Employer, Bay City, Michigan, their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Terminating, failing to recall, or failing to offer work to employees, including but not limited to employees Wayne Van Sumerin, Gerald Gerzeski, Reginald Morris, Shawn Chamberlain, James Chinnery, Todd Voelker, and Terry McMann, because of the employees' concerted protests over the nonpayment of wages.
 
 
 5
 (b) Telling employees that they should not talk to representatives of the Union or tell their pay rates to the Union's representatives.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act (hereinafter called the Act).
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Offer employees, including but not limited to, Wayne Van Sumerin, Gerald Gerzeski, Reginald Morris, Shawn Chamberlain, James Chinnery, Todd Voelker, and Terry McMann, who were terminated, not recalled, or not offered work because of their protected concerted activities immediate and full reinstatement to their former or substantially equivalent jobs, without prejudice to any seniority or other rights and privileges previously enjoyed, and make them whole at the contract rates for any loss of pay or other benefits they may have suffered as a result of the Respondent's discriminatory conduct, with interest, as set forth in the remedy section of the Board's decision.
 
 
 9
 (b) Remove from their files any and all references to the unlawful discharges and notify the employees, in writing, that it has done so.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 11
 (d) Post at their facility in Bay City, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the Respondents' authorized representative, shall be posted by the Respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that the notices are not altered, defaced or covered by any other material.
 
 
 12
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondents have taken to comply.
 
 APPENDIX
 
 13
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 14
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT terminate, fail to recall, or fail to offer work to employees, including but not limited to employees Wayne Van Sumerin, Gerald Gerzeski, Reginald Morris, Shawn Chamberlain, James Chinnery, Todd Voelker, and Terry McMann, because of their concerted protests regarding the nonpayment of wages, and WE WILL NOT tell employees that they should not talk to representatives of the Union or tell union representatives their pay rates.
 
 
 17
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 18
 WE WILL offer immediate and full reinstatement to their former or substantially equivalent jobs to all employees, including but not limited to Wayne Van Sumerin, Gerald Gerzeski, Reginald Morris, Shawn Chamberlain, James Chinnery, Todd Voelker, and Terry McMann, who were terminated, not recalled, or not offered work by us on various dates since about August 1992 for having engaged in protected concerted activity, without prejudice to any seniority or other rights and privileges previously enjoyed, and WE WILL make them whole for any loss of pay or benefits they may have suffered as a result of our discriminatory conduct, with interest.
 
 
 19
 WE WILL remove from our files any and all references to the unlawful discharges and will notify the affected employees, in writing, that we have done so.
 
 
 20
 GREAT LAKES DECORATING SERVICES, INC. AND DAVID DINE, A SOLE PROPRIETOR D/B/A GREAT LAKES INDUSTRIAL DECORATING AND A/K/A GREAT LAKES INDUSTRIAL DECORATING SERVICES, INC., A SINGLE EMPLOYER