RETAIL CLERKS UNION 1059, RETAIL CLERKS INTERNATIONAL ASSO-CIATION, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 18841.

United States Court of Appeals District of Columbia Circuit.

Argued March 10, 1965.

Decided June 29, 1965.

Wilbur K. Miller, Senior Circuit Judge, dissented.

Mr. Ira M. Lechner, Washington, D. C., of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. S. G. Lippman, Washington, D. C., was on the brief, for petitioner. Mr. T. L. Bornstein, Washington, D. C., also entered an appearance for petitioner.

Mr. Warren M. Davison, Attorney, National Labor Relations Board, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Mrs. Linda R. Sher, Attorney, National Labor Relations Board, were on the brief, for respondent.

Before BAZELON, Chief Judge, and WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN, Circuit Judge.

BAZELON, Chief Judge.

This is a petition for review of a National Labor Relations Board order entered as the result of a settlement agreement. The Board argues that petitioner has standing neither to appeal

here nor to protest before it since the order, to which petitioner is not a party, does not impair any formal relationship with the subject employer. But standing to appeal an administrative order as a "person aggrieved," 29 U.S.C. § 160(f), arises if there is an adverse effect in fact, and does not, as the Board seems to maintain, require an injury cognizable at law or equity. National Coal Ass'n v. Federal Power Comm'n, 89 U.S.App. D.C. 135, 191 F.2d 462 (1951), following Associated Industries of New York v. Ickes, 134 F.2d 694 (2d Cir. 1943); see also Sen.Doc. 248, 79th Cong., 2d Sess. 212, 276 (1946) (Administrative Procedure Act); DAVIS, ADMINISTRATIVE LAW TREATISE §§ 22.04, 22.13.

■ Here, the settlement order required the employer to cease and desist from rendering "unlawful assistance" to petitioner, one of two unions which had been vying for representation of its employees. By specifically naming petitioner, the Board in effect branded it a "sweetheart union," and thus impaired its organizational abilities. We do not think this effect unduly speculative, and conclude it gives the union sufficient interest for judicial review.

■ We also think the union has standing before the Board. Although petitioner is not an indispensable party before the Board, and therefore could not exercise a veto power over the proposed settlement, its practical interest in the proceedings entitled it, at the least, to "either (1) a reasonable opportunity * * * to be heard on its objections or (2) a presentation on the record of reasons for acceptance of the stipulation as the basis for the order notwithstanding [its] objections * * *." Textile Workers Union of America, AFL-CIO v. National Labor Relations Board (Rozelle Shoe), 111 U.S.App.D.C. 109, 112, 294

F.2d 738, 741 (1961). Here, however, unlike *Textile Workers,* petitioner is not a charging party. Therefore, the Board's consideration of the union's objections may be limited. In the circumstances of this case, it need consider only the union's objections to being specifically named as a union the employer might not unlawfully assist. We remand for the appropriate Board action, noting that we have been shown no important Board interest, such as the "right to settle", Local 282, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. National Labor Relations Board, 339 F.2d 795 (2d Cir. 1964), to support the Board's claim of right to impute illegal conduct to petitioner, without affording it a chance to rebut that imputation. *Cf.* Bland v. Connally, 110 U.S.App.D.C. 375, 381, 293 F.2d 852, 858 (1961).[1]

So ordered.

WILBUR K. MILLER, Senior Circuit Judge, dissents.

---

[1]. Petitioner also challenges a provision directing the employer to bargain with its rival. But this claim encompasses charges identical to those petitioner filed with the General Counsel; the General Counsel refused to issue a complaint. We would not entertain a frontal attempt to review the General Counsel's decision, Retail Store Employees Union, Local 954 v. Rothman, 112 U.S.App.D.C. 2, 4, 298 F.2d 330, 332 (1962), and have not been convinced to review here, through the back door.