PATENT OFFICE PROFESSIONAL
ASSOCIATION, Petitioner

v.

FEDERAL LABOR RELATIONS
AUTHORITY, Respondent

United States Patent & Trademark
Office, Intervenor

No. 01–1271.

United States Court of Appeals,
District of Columbia Circuit.

April 30, 2002.

Before EDWARDS, HENDERSON,
and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was considered on a petition for review of an order of the Federal Labor Relations Authority and was briefed by counsel. It is

*ORDERED AND ADJUDGED* that the petition for review of the order of the Federal Labor Relations Authority is dismissed for the reasons set forth in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

This petition for review was brought by the Patent Office Professional Association (POPA), the collective bargaining representative of the employees of the United States Patent and Trademark Office (PTO). POPA filed unfair labor practice (ULP) charges against the PTO, alleging that the PTO had violated its statutory duty to bargain during the term of a collective bargaining agreement (CBA) by declining to negotiate over performance appraisals and a number of other subjects proposed by the union. During a hearing before an Administrative Law Judge (ALJ), the PTO argued, somewhat anomalously, that no binding collective bargaining agreement was in existence between the PTO and POPA, and, therefore, that

the PTO had no duty to bargain over the disputed union-initiated proposals.

The ALJ found in POPA's favor, determining that the PTO had committed each of the ULPs alleged in the union's complaint. The judge concluded that the PTO could not refuse to bargain by relying on the supposed absence of a CBA. The duty to bargain, in other words, existed independently of the PTO's contractual relationship with POPA. The ALJ found that, "[t]o the extent that a determination of whether a collective bargaining agreement exists is relevant," there was no comprehensive labor contract in existence between the parties. *U.S. Patent and Trademark Office*, Case No. WA–CA–80405, 57 F.L.R.A. (No. 45) 198, 203–04 (Off. of Admin. L. Judges Dec. 16, 1999), *reprinted in* Joint Appendix (J.A.) 33–34. The ALJ noted, however, that the parties did in fact have certain collective bargaining accords in place that were, while not part of a comprehensive CBA, nonetheless binding. *Id.* at 204 (J.A. 34). What is noteworthy, however, is that even though the ALJ denied the existence of a *comprehensive* CBA, he found that this determination had absolutely no bearing on the issue of whether the PTO had committed the ULPs with which it had been charged.

Both parties filed exceptions to the ALJ's decision with the FLRA. The PTO objected to the findings of liability, while POPA contested the judge's suggestion that there was no binding CBA between the parties. The Authority rejected both sets of exceptions. First, it upheld the ALJ's conclusion that the PTO's refusals to bargain constituted ULPs, regardless of the existence of a comprehensive CBA. *See U.S. Patent and Trademark Office*, 57 F.L.R.A. (No. 45) 185, 191–92 (May 24, 2001) (J.A. 21–22). The status of the CBA was therefore no defense for the PTO's refusal to bargain. The FLRA also upheld the ALJ's findings concerning the CBA. Specifically, the Authority concluded that the evidence in the record did not establish that "a collective bargaining agreement exists on all of the undisputed provisions of the disapproved agreement." *Id.* at 193 (J.A. 23). As in the ALJ's decision, however, the FLRA's determination on the existence of a CBA played no role in the agency's decision to sustain the ULP charges. The Authority's order thus provided POPA with all of the substantive relief that was necessary to address the PTO's unlawful refusal to bargain.

Despite having prevailed before the FLRA, POPA nonetheless petitions for review in this court on the ground that agency erred in concluding that there was no comprehensive CBA in existence between POPA and the PTO. We deny this petition and dismiss the case, because POPA has not been "aggrieved" by the disputed FLRA order. Accordingly, this court has no jurisdiction to consider the claim advanced by POPA.

Under 5 U.S.C. § 7123(a), only a "person aggrieved" by a final order of the FLRA may petition for judicial review of that order. Here, POPA cannot show aggrievement because it has received a complete remedy for the PTO's unlawful refusal to bargain. POPA complains only about collateral statements that in no way influenced or supported the agency's decision on the merits of the unfair labor practice charges. The Authority determined that the PTO committed ULPs as to each of the charges filed by the union, and issued appropriate remedial orders addressing each of these violations. The only aspect of the Authority's order that POPA now challenges is the finding that there is no enforceable CBA between the parties. These statements, however, are pure dicta, entirely unnecessary for the FLRA's resolution of the union's ULP charges.

The challenged FLRA dicta can have no direct and binding effect on POPA, and thus cannot give rise to the sort of injury necessary to confer jurisdiction on this court. Because the FLRA has issued no *dispositive* judgment on the existence or nonexistence of a CBA, the agency's loose statements on that subject impose no "adverse effect in fact." *Liquor Salesmen's Union Local 2 v. NLRB*, 664 F.2d 1200, 1206 n. 8 (D.C.Cir.1981) (quoting *Retail Clerks Union 1059 v. NLRB*, 348 F.2d 369, 370 (D.C.Cir.1965)). Indeed, it its brief to this court, the FLRA asserts:

> This finding [that no comprehensive CBA existed], although contested, is mere dictum, and therefore has no binding effect. Accordingly, POPA remains free to assert the existence of a comprehensive agreement in any future case where it is deemed relevant.

Br. for the Federal Labor Relations Authority 20 (citations omitted).

It is therefore clear that, if the question of the existence of an agreement between the parties should arise in the future, the FLRA's statements in this case will have no binding effect whatsoever. This issue as to whether the parties are covered by a comprehensive CBA remains an open issue. This being the case, POPA can point to no concrete injury about which to complain. Accordingly, petitioner cannot satisfy § 7123(a)'s aggrievement requirement. For this reason, its petition for review must be dismissed.