United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60347
_____

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

versus

SEAPORT PRINTING & AD SPECIALITIES INC,
d/b/a Port Printing Ad and Specialties,

Respondent.

On Application for Enforcement of an Order of the
National Labor Relations Board
(No. 15-CA-17300)

Before JONES, Chief Judge, and WIENER and PRADO, Circuit Judges.

PER CURIAM:[*]

NLRB seeks enforcement of its order compelling Seaport Printing & Ad Specialties Inc., inter alia, to recognize and bargain with Lake Charles Printing and Graphics Union, Local 260. This court, having carefully reviewed the parties' briefs and pertinent portions of the record in light of the parties' oral arguments, concludes that:

First, this case is governed by <u>Levitz Furn. Co. of the Pac.</u>, 333 NLRB 717 (2001), where the Board, overturning the prior good faith doubt standard, held that "an employer may unilaterally

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withdraw recognition from an incumbent union only where the union has actually lost the support of the majority of the bargaining unit employees." Id. at 717. Levitz is rational, consistent with the NLRA, within the Board's authority to adopt, and adequately reasoned to withstand judicial review. See Allentown Mack v. NLRB, 522 U.S. 359, 369, 118 S. Ct. 818, 824 (1998).

Second, there is substantial evidence to support the Board's findings and credibility choices and its conclusion that Seaport did not meet the Levitz standard. That the Board may have interpreted ambiguous facts and statements by employees differently from this court is within its role as factfinder. Further, while the ALJ characterized Soileau's testimony concerning employees' opinions about the union as hearsay, the ALJ also noted that most of the testimony was not objected to by the General Counsel. The ALJ was entitled, as factfinder, to afford less credibility to such testimony, concluding as he did that Seaport needed more definitive evidence to satisfy the Levitz test.

We are thus constrained to AFFIRM the judgment of the NLRB.

**ORDER ENFORCED.**