**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, *Petitioner,* v. LEGACY HEALTH SYSTEM, *Respondent.* | No. 10-72478<br><br>NLRB No.<br>36-CA-10299<br><br>OPINION |

On Application for Enforcement of an Order of the
National Labor Relations Board

Submitted October 13, 2011*
Portland, Oregon

Filed November 21, 2011

Before: Marsha S. Berzon and N. Randy Smith,
Circuit Judges, and William E. Smith, District Judge.**

Opinion by Judge William E. Smith

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable William E. Smith, District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

COUNSEL

Usha Dheenan, Nicole Lancia, National Labor Relations Board, Washington, D.C. (on briefs), for the petitioner.

Adam S. Collier, Bullard Smith Jernstedt Wilson, Portland, Oregon (on briefs), for the respondent.

OPINION

WILLIAM E. SMITH, District Judge:

The National Labor Relations Board (the Board) petitions for enforcement of its order finding that Legacy Health System (Legacy Health) violated sections 8(a)(1) and (3) of the National Labor Relations Act (the Act), 29 U.S.C. § 158(a)(1) and (3). We hold that, under section 10(e) of the Act, we do not have jurisdiction to hear Legacy Health's exceptions to

the Board's remedial order, and accordingly, we grant summary enforcement of the Board's order.

## Background

The following facts are gleaned from the Board's findings of fact, *see generally Legacy Health System*, 355 NLRB No. 76, 2010 WL 3159238 (Aug. 9, 2010); *Legacy Health System*, 354 NLRB No. 45, 2009 WL 2031023 (July 13, 2009), which are not challenged by the parties.

Legacy Health is based in the Portland, Oregon area, and it operates five hospitals, a research facility, and a number of clinics and labs. In total, it employs more than 9,000 people. It is party to seven different collective bargaining agreements with various labor unions, including two collective bargaining agreements with the Service Employees International Union, Local 49 (the Union). It also has a number of positions and departments that are not unionized.

For at least nine years, Legacy Health maintained an unwritten policy precluding its employees from simultaneously holding bargaining unit positions and non-bargaining unit positions. Employees were permitted to be employed by Legacy Health in two positions, as long as both positions were union positions or both positions were non-union positions. There is no evidence that Legacy Health prohibited employees from holding positions that were represented by separate bargaining units, and employees regularly held employment with Legacy Health in more than one position.

Once the policy came to the Union's attention, the Union filed an unfair labor practice charge. Based on the Union's charge, on September 30, 2008, the Regional Director for Region 19 of the Board issued a complaint and notice of hearing, alleging that Legacy Health violated sections 8(a)(1) and (3) of the Act by not allowing its employees to simultaneously hold bargaining unit positions and non-bargaining unit posi-

tions. The Board identified in its complaint three employees who had been affected by the policy.

On February 11, 2009, following a hearing and briefing, an Administrative Law Judge (ALJ) issued a decision concluding that Legacy Health's policy violated sections 8(a)(1) and (3). The ALJ recommended a remedial order that, in relevant part, ordered Legacy Health to,

> [w]ithin 14 days from the date of this Order, hire [the three affected employees] in the part-time positions to which they would have been hired but for [Legacy Health's] enforcement of its unlawful hiring policy, replacing the current occupants of those positions if necessary, and make them whole in the manner set forth in the remedy section of this decision.

*Legacy Health System*, 354 NLRB No. 45, 2009 WL 2031023, at *11.

Thereafter, Legacy Health filed exceptions to the ALJ's decision. On July 13, 2009, a two-member panel of the Board affirmed the ALJ's rulings, findings, and conclusions, as modified in its decision, and adopted a modified version of the ALJ's recommended order. *See Legacy Health System*, 354 NLRB No. 45, 2009 WL 2031023, at *1-3. In order "to more closely conform to the Board's standard remedial language," *id.* at *1 n.3, the Board made the following *sua sponte* modification to the remedial order:

> Within 14 days from the date of this Order, offer [the three affected employees] the part-time positions for which they applied and would have been hired but for the unlawful enforcement of its hiring policy against them *or, if those positions no longer exist, to substantially equivalent positions*, without prejudice to their seniority or any other rights or privileges

they would have enjoyed absent the discrimination against them.

*Id.* at *3 (emphasis added).

On October 21, 2009, the Board filed an application for enforcement with this court. On June 17, 2010, in *New Process Steel, L.P. v. NLRB*, 130 S. Ct. 2635, 2639-45 (2010), the United States Supreme Court held that the Board did not have authority to act as a two-member panel, thereby invalidating by implication the Board's July 13, 2009 decision in this case. This case was remanded to the Board.

On August 9, 2010, a three-member panel of the Board issued a decision affirming the ALJ's rulings, findings, and conclusions, and incorporating by reference the modifications set forth in the July 13, 2009 decision. *See Legacy Health System*, 355 NLRB No. 76, 2010 WL 3159238. The panel also adopted the order issued by the prior two-member panel, for the reasons set forth in the July 13, 2009 decision. *Id.* Two days later, on August 11, 2010, the Board's General Counsel applied to this court for enforcement of the order.

## Discussion

On appeal, Legacy Health does not challenge the Board's conclusion that it violated sections 8(a)(1) and (3) of the Act. The Board is, therefore, entitled to summary enforcement of its order with respect to that ruling. *NLRB v. Advanced Stretchforming Int'l, Inc.*, 233 F.3d 1176, 1180 (9th Cir. 2000) (holding that the Board is entitled to summary enforcement of unchallenged rulings).

For its part, Legacy Health takes issue only with the Board's remedial order, arguing that it does not reflect the temporary nature of the employment positions at issue. The Board retorts that this objection was not raised before the Board and that, therefore, the argument is waived.

**[1]** In the absence of "extraordinary circumstances," this court does not have jurisdiction to hear arguments that were not urged before the Board, pursuant to section 10(e) of the Act, 29 U.S.C. § 160(e). *See Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 665 (1982); *see also Sever v. NLRB*, 231 F.3d 1156, 1171 (9th Cir. 2000) (holding that argument is waived where employee did not raise it in its exceptions to ALJ's decision). Moreover, to preserve an objection to the Board's remedial order, a party must object to the order with sufficient specificity; it is not enough for a party to object to the remedy generally. *See Marshall Field & Co. v. NLRB*, 318 U.S. 253, 255 (1943) (per curiam) (holding that petitioner's general objection to "each and every recommendation" was not specific enough to preserve an issue under section 10(e)); *see also NLRB v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforced Iron Workers Union, Local 378*, 473 F.2d 816, 817 (9th Cir. 1973) (per curiam) (stating that party must object with specificity to preserve issue for judicial review).

**[2]** While it is clear that Legacy Health did not object to the ALJ's recommended remedial order with adequate particularity before the Board, it contends that it could not have objected before the Board because the Board *sua sponte* modified the ALJ's recommended remedial order. Section 10(e), however, also bars judicial review of a newly minted objection to a remedial order when a party fails to move for reconsideration of the Board's *sua sponte* modification. *See NLRB v. Sambo's Restaurant, Inc.*, 641 F.2d 794, 796 (9th Cir. 1981); *see also Int'l Union of Painter & Allied Trades, Dist. 15, Local 159 v. J & R Flooring, Inc.*, 656 F.3d 860, 867 (9th Cir. 2011) (noting that "the Board should have the first opportunity to apply its labor relations expertise to address a party's arguments, so that we may have the benefit of the Board's opinion when we review its decision"). Essentially, Legacy Health contends that because the Board petitioned for enforcement of the Board's order only two days after the order was entered, it was effectively boxed out of its opportu-

nity to seek reconsideration and that this presents just the kind of extraordinary circumstance contemplated by section 10(e).

**[3]** We hold that, notwithstanding the Board's petition for enforcement only two days after its decision, the statutory bar to considering Legacy Health's objection holds firm. While it is true that, once the Board applies for enforcement, this court obtains jurisdiction over the case, it is also true that the Board retains concurrent jurisdiction until the record is filed. *See* 29 U.S.C. § 160(e); *see also N.Y. & Presbyterian Hosp. v. NLRB*, 649 F.3d 723, 733 (D.C. Cir. 2011). We shared concurrent jurisdiction with the Board from August 11, 2010, when the Board filed its application for enforcement, through September 17, 2010, when the Board filed its certified list of the contents of the record with this court. Therefore, Legacy Health's twenty-eight day window to file a motion for reconsideration before the Board, *see* 29 C.F.R. § 102.48(d)(2), was unaffected by the Board's expeditious filing of its enforcement petition, and accordingly does not constitute an extraordinary circumstance. *See N.Y. & Presbyterian Hosp.*, 649 F.3d at 733.

Although unnecessary to our conclusion, we note that Legacy Health also failed to move for reconsideration of the Board's July 13, 2009 decision, which set forth the same remedial order. *See Legacy Health System*, 354 NLRB No. 45, 2009 WL 2031023, at *2-3. After that decision was issued, the Board petitioned for enforcement more than twenty-eight days later, on October 21, 2009. Legacy Health can hardly be heard to argue that the Board's haste actually frustrated its opportunity to file a motion for reconsideration under those circumstances.

**[4]** Because section 10(e) forecloses our review of Legacy Health's objection, and the Board has not "patently traveled outside the orbit of its authority" in adopting the remedial order, *see Int'l Union of Painter*, 656 F.3d at 867 (quoting

*NLRB v. Cheney Cal. Lumber Co.*, 327 U.S. 385, 388 (1946)), the Board is entitled to enforcement of its order.

## Conclusion

The Board's application for enforcement is GRANTED.