FILED

**NOT FOR PUBLICATION**

JAN 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner, <br><br> v. <br><br> FRED MEYER STORES, INC., <br><br> Respondent. | No. 10-72651 <br><br> NLRB No. 19-CA-32171 <br><br> MEMORANDUM[*] |
| NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner, <br><br> v. <br><br> FRED MEYER STORES, INC., <br><br> Respondent. | No. 10-72652 <br><br> NLRB No. 19-CA-32311 |

On Petitions for Review of an Order of the
National Labor Relations Board

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 14, 2011[]
Portland, Oregon

Before: EBEL,[***] BERZON, and N.R. SMITH, Circuit Judges.

In these two consolidated cases, the National Labor Relations Board (Board) petitions for enforcement of its orders finding that Fred Meyer Stores, Inc. (Fred Meyer) engaged in unfair labor practices in violation of the National Labor Relations Act (Act). We have jurisdiction under 29 U.S.C. § 160(e). We grant the Board's applications for enforcement of its orders and deny Fred Meyer's motions to supplement the record.

1. The Act generally bars judicial review of issues not raised during proceedings before the Board. *Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 665 (1982). The Act provides that, in a petition for enforcement, "[n]o objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). Fred Meyer did not show that its failure to urge its objections before the Board was excused because of

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

extraordinary circumstances. *See, e.g.*, *NLRB v. Legacy Health Sys.*, 662 F.3d 1124, 1127 (9th Cir. 2011). Thus, we do not have discretion to review Fred Meyer's challenges to the Board's decisions, because Fred Meyer did not raise its challenges before the Board.

2. The record in an action for enforcement of an NLRB order consists of the order; any findings or reports upon which the order was based; and the pleadings, evidence, and proceedings before the Board. *See* Fed. R. App. P. 16(a). That is, the record in an enforcement proceeding before the Court of Appeals is the same as the record before the agency. *Id.* Under Federal Rule of Appellate Procedure 16(b), parties may, by stipulation or by order of the court, supplement this record "to supply any omission . . . or correct a misstatement." However, absent circumstances not present here, parties may not supplement the record with evidence not presented to the agency in the first instance. *See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). In this case, the Board did not have the opportunity to consider the evidence with which Fred Meyer seeks to supplement the record in both cases. Neither the Act nor caselaw governing enforcement actions permits us to consider such evidence.

A. While the Act does not permit us to supplement the record directly, it does allow us to order the Board to take supplemental evidence, add it to the

3

administrative record, and reconsider its decision based on the supplemented record. *See* 29 U.S.C. § 160(e); *L'Eggs Prods., Inc. v. NLRB*, 619 F.2d 1337, 1352 (9th Cir. 1980). However, we may issue such an order only if the "additional evidence" a party seeks to introduce "is material and . . . there were reasonable grounds for the failure to adduce such evidence . . . ." 29 U.S.C. § 160(e).

Here, Fred Meyer has not shown that there were reasonable grounds for its failure to adduce the evidence. In both cases, Fred Meyer could have adduced the evidence to the Board (in motions for reconsideration) before the record was filed. The Board filed its applications for enforcement with this court one day after the Board issued its orders. However, that quick filing did not provide Fred Meyer reasonable grounds for failure to adduce the evidence. The Board retained concurrent jurisdiction with this court until the Board filed the records several months later. *See Legacy Health Sys.*, 662 F.3d at 1127; *see also* 29 U.S.C. § 160(e).

B. An appellate court does have discretion to review evidence arising after the Board issues an order, if that evidence may affect the propriety of enforcement of the order. *NLRB v. Jones & Laughlin Steel Corp.*, 331 U.S. 416, 428 (1947). The evidence offered by Fred Meyer in these cases, however, would not affect the propriety of enforcement of the orders. Under *Jones & Laughlin Steel*, we may not

4

review the evidence Fred Meyer seeks to offer, because any evidence of Fred Meyer's compliance with the orders would not render the Board's orders moot. *See NLRB v. Raytheon Co.*, 398 U.S. 25, 27 (1970). Thus, we deny Fred Meyer's motions to supplement the record, because the Federal Rules of Appellate Procedure, the National Labor Relations Act, and the caselaw governing enforcement actions do not permit us to consider the evidence Fred Meyer seeks to offer.

The Board's applications for enforcement of its orders in 10-72651 and 10-72652 are **GRANTED.** Fred Meyer's motions to supplement the record in 10-72651 and 10-72652 are **DENIED.**