**NOT FOR PUBLICATION**

MAR 26 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | No. 10-73450 |
| Petitioner, | NLRB No. 31-CA-26057 |
| v. | MEMORANDUM[*] |
| BARSTOW COMMUNITY HOSPITAL-OPERATED BY COMMUNITY HEALTH SYSTEMS, INC., | |
| Respondent. | |

On Petition for Review of an Order of the
National Labor Relations Board

Submitted March 15, 2012[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

The National Labor Relations Board (NLRB) petitions for enforcement of its order finding that Barstow Community Hospital-Operated by Community Health Systems, Inc. (Barstow) violated sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(a)(1), (3).  Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction under 29 U.S.C. § 160(e).  *See NLRB v. Kolkka*, 170 F.3d 937, 939 (9th Cir. 1999).  We grant the NLRB's application for enforcement of its order.

Barstow argues that the NLRB abused its discretion in denying Barstow an opportunity to reopen the record to present evidence that Lois Sanders (Sanders) was a supervisor exempt from NLRA protection as a registered nurse.  According to Barstow, it had no reason to present this evidence before the NLRB decided three cases in 2006: *Oakwood Healthcare, Inc.*, 348 N.L.R.B. 686 (2006), *Croft Metals, Inc.*, 348 N.L.R.B. 717 (2006), and *Beverly Enterprises-Minnesota, Inc., d/b/a Golden Crest Healthcare Center*, 348 N.L.R.B. 727 (2006) (the *Oakwood Healthcare* trilogy).

In *Kentucky River*, the Supreme Court rejected the NLRB's prior interpretation of the "independent judgment" required for a person to be a supervisor in 2001.  *See NLRB v. Ky. River Cmty. Care, Inc.*, 532 U.S. 706, 712-

2

13, 721 (2001). In the *Oakwood Healthcare* trilogy, the NLRB merely refined the analysis to be applied in assessing supervisory status, applying the Supreme Court's ruling. *See Oakwood Healthcare*, 348 N.L.R.B. at 686; *Croft Metals*, 348 N.L.R.B. at 721; *Golden Crest Healthcare*, 348 N.L.R.B. at 729-30. Because the Supreme Court rejected the NLRB's prior interpretation of "independent judgment" in 2001, *before* the first hearing before Administrative Law Judge Lana H. Parke (ALJ Parke), we reject Barstow's argument. *See Ky. River*, 532 U.S. at 712-13, 721.

Barstow was on notice of *Kentucky River* long before the *Oakwood Healthcare* trilogy and the initial hearing before ALJ Parke. *See id.* Consequently, Barstow's effort to introduce "new" evidence of Sanders's supervisory status after the initial hearing before ALJ Parke was untimely. *See NLRB v. Cutter Dodge, Inc.*, 825 F.2d 1375, 1381 (9th Cir. 1987); *NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 389 (9th Cir. 1979); *Yesterday's Children, Inc.*, 321 N.L.R.B. 766, 766 n.1 (1996), *enforced in relevant part*, *Yesterday's Children, Inc. v. NLRB*, 115 F.3d 36 (1st Cir. 1997); *Michael Konig T/A Nursing Ctr. at Vineland*, 318 N.L.R.B. 337, 337 (1995). Thus, we hold that the NLRB did not abuse its discretion in denying Barstow's motion to reopen the record. *See NLRB v. Hanna Boys Ctr.*, 940 F.2d 1295, 1300 (9th Cir. 1991) (explaining that the NLRB "has

3

considerable discretion" in ruling on a motion to reopen the record and its decision "will not be set aside unless shown to constitute an abuse of discretion").

Barstow also argues that the NLRB failed to meaningfully review ALJ Parke's decision before a proper quorum. The NLRB argues that we lack jurisdiction to hear Barstow's meaningful review claim because Barstow had not first raised it before the NLRB through a motion for reconsideration. This presents a novel question regarding regulatory exhaustion in light of 29 C.F.R. § 102.48(d)(3) ("A motion for reconsideration or for rehearing need not be filed to exhaust administrative remedies"). We need not resolve this jurisdictional question as Barstow's claim also fails on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 & n.2 (1998) (explaining that unlike Article III jurisdiction, statutory jurisdiction can be presumed to exist when the merits are more easily resolved). Barstow received meaningful review from the panel, which specifically stated that it considered ALJ Parke's decision and agreed with her for the reasons stated in a prior order. Because Barstow offers no evidence to rebut "[t]he presumption of regularity support[ing] the official acts of public officers," we reject Barstow's challenge to the NLRB's decision-making process. *See United States v. Chem. Found.*, 272 U.S. 1, 14 (1926); *see also NLRB v. Legacy Health Sys.*, 662 F.3d 1124, 1126-27 (9th Cir. 2011) (granting the NLRB's application for

4

enforcement when a three-member panel adopted an order issued by a prior two member panel for the reasons set forth in the two member panel's decision).

Substantial evidence supports the NLRB's conclusion that Barstow failed to establish that Sanders was a supervisor in her role as a clinical coordinator. *See Ky. River*, 532 U.S. at 713. Thus, we reject Barstow's argument to the contrary. Because the NLRB correctly applied the law and its factual findings are supported by substantial evidence in the record as a whole, we enforce the NLRB's order. *See Plaza Auto Ctr., Inc. v. NLRB*, 664 F.3d 286, 291 (9th Cir. 2011).

Although not identified as a separate issue in the opening brief, Barstow suggests that the NLRB acted beyond its jurisdiction in awarding a remedy to Sanders. We lack jurisdiction to consider this argument because no evidence in the record suggests that Barstow made this jurisdictional argument to the NLRB. *See Polynesian Cultural Ctr., Inc. v. NLRB*, 582 F.2d 467, 472-73 (9th Cir. 1978).

The Board's application for enforcement of its order is GRANTED.

**GRANTED.**

5