**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, AFL-CIO, OPCMIA; OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION LOCAL 200, AFL-CIO, Plasters Local 200, <br><br> Petitioners, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent, <br><br> SOUTHWEST REGIONAL COUNCIL OF CARPENTERS; STANDARD DRYWALL, INC., <br><br> Intervenors. | No. 12-70151 <br><br> NLRB No. 21-CD-673 <br><br> MEMORANDUM[*] |
| NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner, | No. 12-70384 <br><br> NLRB No. 21-CD-673 |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

```
v.

OPERATIVE PLASTERERS' AND
CEMENT MASONS' INTERNATIONAL
ASSOCIATION LOCAL 200, AFL-CIO;
OPERATIVE PLASTERERS' AND
CEMENT MASONS' INTERNATIONAL
ASSOCIATION, AFL-CIO, OPCMIA,

          Respondents.
```

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted August 28, 2013
Pasadena, California

Before: O'SCANNLAIN, BEA, and CHRISTEN, Circuit Judges.


Here, the Operative Plasterers & Cement Masons International and Local

200 ("Plasterers") and the Southwest Regional Council of Carpenters

("Carpenters") dispute which union has the right to be the collective bargaining

agent of employees who work at a number of Southern California jobs of

contractor-employer Standard Drywall, Inc. ("SDI").  This case is a petition for

review from *Operative Plasterers & Cement Masons International Ass'n Local*

*200*, 357 NLRB No. 179 (Dec. 31, 2011) ("*SDI IV*"), which awarded the work to

the Carpenters.

We deny the Plasterers' petition for review, and dismiss their challenges to the National Labor Relations Board's ("NLRB") remedial order for lack of jurisdiction. We grant the NLRB's motion for enforcement.

This court reviews the NLRB's factual findings for substantial evidence and reviews its legal conclusions under the "arbitrary and capricious" standard. *Recon Refractory & Constr. Inc. v. NLRB*, 424 F.3d 980, 986–87 (9th Cir. 2005).

**1.** The NLRB had jurisdiction under Section 10(k) of the National Labor Relations Act ("NLRA") to hear and decide *Southwest Regional Council of Carpenters*, 348 NLRB 1250 (2006) ("*SDI II*"). Section 10(k) provides that the NLRB has jurisdiction over disputes arising from allegations of unfair labor practices unless "the parties to such dispute submit to the Board satisfactory evidence that they have adjusted, or agreed upon methods for the voluntary adjustment of, the dispute." 29 U.S.C. § 160(k). In *SDI II*, the NLRB analyzed the Plan for the Settlement of Jurisdictional Disputes in the Construction Industry ("the Plan"), which provides a procedure for resolving disputes. The NLRB concluded that the Plan did not constitute an agreed-upon method for voluntary adjustment for two reasons.

First, even assuming that the Plan governed the jurisdictional disputes as to which union should represent the workers at three of the job sites, ninety-four other

projects were not governed by the Plan. The NLRB relied on *Ironworkers, Local 563 (Spancrete Midwest Co.)*, 183 NLRB 1105 (1970), for the proposition that an agreed-upon dispute resolution method that covers only a fraction of the projects at issue does not qualify as an agreed-upon method for purposes of Section 10(k) jurisdiction; such fractional coverage does not oust the Board's jurisdiction over the whole of the dispute.

Second, the NLRB found there was a risk that SDI would be subject to conflicting arbitration awards because SDI's collective-bargaining agreement with the Carpenters provided for a different arbitration procedure than did the Plan. The NLRB relied on its decision in *Operating Engineers Local 318 (Kenneth E. Foeste Masonry, Inc.)*, 322 NLRB 709 (1996), which held that the risk of conflicting awards means that there is "no *determinative* agreed-on method" for resolving jurisdictional disputes, thereby vesting the NLRB with jurisdiction. *Id.* at 712.

The question whether parties are bound by an agreed-upon method of resolving a jurisdictional dispute is a fairly technical one, requiring industry knowledge and expertise in labor disputes, to which knowledge and expertise we owe deference. *Recon Refractory*, 424 F.3d at 987 (giving the Board "considerable deference in . . . exercising its expertise" in adjudicating a jurisdictional dispute). The NLRB reasonably relied on its own precedent in *Spancrete* and *Foeste* to

conclude that the Plan was not an agreed-upon method within the meaning of Section 10(k); this conclusion was neither arbitrary nor capricious.

**2**.  We also uphold the NLRB's determination in *SDI IV* that the Plasterers violated Section 8(b)(4)(ii)(D) of the NLRA by pursuing enforcement of the second Greenberg arbitration award contrary to the NLRB's Section 10(k) determination in *SDI II*.  It is well-settled that pursuit of a legal action contrary to determinations of representational rights by the Board can be an "unfair labor practice" within the meaning of the NLRA.  *See Small v. OPCMIA Local 200*, 611 F.3d 483, 489–93 (9th Cir. 2010).

**3**.  Finally, the Plasterers claim that the NLRB erred in granting a broad order requiring the Plasterers to cease and desist from "threatening, coercing, or restraining SDI, or any other person or employer."  The Plasterers argue that this remedial order was overbroad because it prohibited their actions as to unnamed non-parties.  Because the Plasterers failed to seek reconsideration of the NLRB's remedial orders, however, this court lacks the jurisdiction to review them.  The NLRA divests the courts of appeals of jurisdiction to consider "objection[s] that ha[ve] not been urged before the Board, its member, agent, or agency . . . unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."  29 U.S.C. § 160(e).  The NLRB retained concurrent

5

jurisdiction over this case until the administrative record was filed, even though SDI petitioned for review of the case in this Court before the deadline for seeking reconsideration before the NLRB had expired. *See NLRB v. Legacy Health System*, 662 F.3d 1124, 1127 (9th Cir. 2011). Therefore, the Plasterers' failure to file a petition for rehearing before the NLRB divests this court of jurisdiction to consider their challenge to the scope of the cease-and-desist order and grant of attorneys' fees to SDI.

For the foregoing reasons, the Plasterers' petition for review, case number 12-70151, is DENIED, and their challenges to the NLRB remedial order for lack of jurisdiction, case number 12-70151, are DISMISSED. The NLRB's motion for enforcement, case number 12-70384, is GRANTED.