**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITE HERE! LOCAL 878, AFL-CIO,<br><br>Petitioner,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>Respondent. | No.   15-71924<br><br>NLRB No. 19-CA-032148<br><br>MEMORANDUM[*] |
| REMINGTON LODGING & HOSPITALITY, LLC, DBA Sheraton Anchorage,<br><br>Petitioner,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>Respondent. | No.   15-72563<br><br>NLRB No. 19-CA-032148 |

———————

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>REMINGTON LODGING & HOSPITALITY, LLC, DBA Sheraton Anchorage,<br><br>Respondent. | No.   15-73259<br><br>NLRB No. 19-CA-032148 |

On Petition for Review of an Order of the
National Labor Relations Board

Submitted December 4, 2017[**]
Seattle, Washington

Before:  HAWKINS and CHRISTEN, Circuit Judges, and KOBAYASHI,[***] District Judge.

The National Labor Relations Board applies for enforcement of its order finding that Remington Lodging and Hospitality, LLC, committed sundry unfair labor practices.  Remington and Unite Here! Local 878 (the Union) petition for review of the Board's order.  We have jurisdiction under 29 U.S.C. § 160(e) and

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

(f).  We deny the petitions for review and grant the Board's application for enforcement.

We enforce the Board's order if the Board correctly applied the law and its factual findings are supported by substantial evidence.  *Local Joint Exec. Bd. of Las Vegas v. NLRB*, 515 F.3d 942, 945 (9th Cir. 2008).  We defer to the Board's interpretation of the National Labor Relations Act (NLRA) if it is "rational and consistent with the statute," and we may not displace the Board's choice between two fairly conflicting views of the facts.  *Id.* (internal quotation marks omitted).  We enforce the unchallenged portions of the Board's order.  *See Diamond Walnut Growers, Inc. v. NLRB*, 53 F.3d 1085, 1087 (9th Cir. 1995).

1.     Substantial evidence supports the Board's determination that the Federal Mediation and Conciliation Service (FMCS) did not receive timely notice of the parties' dispute before Remington unilaterally implemented changes in October 2009.  Although Remington could have relied on the Union's notice to FMCS, *see NLRB v. Mar-Len Cabinets, Inc.*, 659 F.2d 995, 998 (9th Cir. 1981) (per curiam), the record does not indicate when such notice was filed, and Remington's inference-based arguments do not establish otherwise.

2.     Substantial evidence supports the Board's finding that the parties broke their impasse in March 2010, and the Board did not misapply the law when it

3

reached that conclusion. The Board "evaluate[s] impasse issues with a special expertise gained by long experience." *Walnut Creek Honda Assocs. 2, Inc. v. NLRB*, 89 F.3d 645, 649 (9th Cir. 1996). Here, the Board found that the parties' March 2010 proposals created a possibility of fruitful future discussions in part because each party came to the table with a proposal on health care—the critical issue—that differed meaningfully from its position in the fall of 2009. Remington presents an alternative view of the facts, but we defer to the Board in light of its special expertise in this arena. *See id.*

The Board did not misapply the law by citing to *Whitesell Corp.*, 352 N.L.R.B. 1196 (2008), and *CJC Holdings, Inc.*, 320 N.L.R.B. 1041 (1996). The Board correctly considered whether the parties' March 2010 proposals were "significant enough to warrant further negotiation," and its citation to two cases about when impasse is reached (rather than broken) does not undercut its analysis. Finally, Remington's suggestion that the Union avoided bargaining in March 2010 is unavailing. The Board found that the Union did not intend to end negotiations in March 2010, and substantial evidence supports that finding despite Remington's contrary interpretation of the facts.

3. The Board's conclusion that the areas under the porte cocheres at the hotel were "non-work areas" based on *Santa Fe Hotel, Inc.*, 331 N.L.R.B. 723

4

(2000), is rational and consistent with the NLRA. The Board is the entity tasked with striking an appropriate balance between the dictates of the NLRA and the unique characteristic of specific industries. *See Beth Israel Hosp. v. NLRB*, 437 U.S. 483, 500–01 (1978). We cannot say the balance it struck here was impermissible.

4.      The conclusive presumption from *SFO Good–Nite Inn*, 357 N.LR.B. 79 (2011), is also rational and consistent with the NLRA. Although a conclusive presumption may have a dramatic effect on a given case, it protects employee free choice by serving a deterrent purpose and recognizing the inherent unreliability of after-the-fact employee testimony. *See id.* at 82–83.

5.      Section 10(e) of the NLRA precludes us from reviewing the Union's sole argument. *See* 29 U.S.C. § 160(e). When, as here, the Board *sua sponte* amends an ALJ's recommended remedy, the party seeking judicial review must move for reconsideration before the Board to preserve the issue. *NLRB v. Legacy Health Sys.*, 662 F.3d 1124, 1127 (9th Cir. 2011). The Union did not move for reconsideration. And unlike the party in *NLRB v. Best Prods. Co.*, 765 F.2d 903, 910 (9th Cir. 1985), the Union never put the merits of its argument squarely before the Board even though it could have. *See* 29 C.F.R. § 102.48(c) (permitting motions for reconsideration). Section 10(e) bars review.

The petitions for review are **DENIED** and the Board's application for enforcement is **GRANTED**.