NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner, <br><br> UNITE HERE! LOCAL 878, <br><br> Intervenor, <br><br> v. <br><br> REMINGTON LODGING & HOSPITALITY, LLC, d/b/a The Sheraton Anchorage, <br><br> Respondent. | No.   16-71194 <br><br> NLRB No. 19-CA-032735 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
National Labor Relations Board

Submitted December 4, 2017**
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS and CHRISTEN, Circuit Judges, and KOBAYASHI,*** District Judge.

Remington Lodging and Hospitality, LLC, petitions for review of an order issued by the National Labor Relations Board that found Remington committed numerous unfair labor practices in violation of the National Labor Relations Act. Remington challenges only the Board's determinations that Remington violated § 8(a)(1), (3) and (4) of the Act by disciplining and terminating Dexter Wray; that it violated § 8(a)(1) and (3) of the Act by terminating Elda Buezo; and that it violated § 8(a)(5) of the Act by scheduling employees in the engineering and maintenance departments without regard to seniority. The Board applies for enforcement of its order. Unite Here! Local 878 intervened on behalf of the Board. We have jurisdiction under 29 U.S.C. § 160(e) and (f). We deny Remington's petition for review and grant the Board's application for enforcement.

1. Remington did not challenge the majority of the Board's findings of unfair labor practices. The law is well settled that the Board is entitled to summary enforcement of the portions of its order that Remington did not challenge. *See, e.g.*, *Diamond Walnut Growers, Inc. v. NLRB*, 53 F.3d 1085, 1087 (9th Cir. 1995).

---

*** The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

2. Substantial evidence supported the Board's determination that Dexter Wray was disciplined and terminated in violation of § 8(a)(1), (3) and (4) of the Act. The Board based its finding in large part on testimony presented by Wray and his supervisors. This court will not reverse the "Board's credibility determinations unless they are 'inherently incredible or patently unreasonable.'" *United Nurses Ass'ns of Cal. v. NLRB*, 871 F.3d 767, 777 (9th Cir. 2017) (quoting *Retlaw Broad. Co. v. NLRB*, 53 F.3d 1002, 1006 (9th Cir. 1995)). Remington did not demonstrate that Wray's testimony was inherently incredible or patently unreasonable. *Id.* Further, a review of the whole record shows that Wray's discipline and termination were part of a larger scheme of unfair labor practices. Remington asks this court to view Wray's discipline and termination in a vacuum and to ignore the larger context, but this court's review of the Board's decisions requires "a review of the whole record." *Cal. Pac. Med. Ctr. v. NLRB*, 87 F.3d 304, 307 (9th Cir. 1996); *see also United Nurses*, 871 F.3d at 777 ("The Board's findings of fact are conclusive if supported by substantial evidence on the record as a whole.").

3. Substantial evidence also supported the Board's finding that Elda Buezo was terminated in violation of § 8(a)(1) and (3) of the Act. Remington argues that the testimony of Elda Buezo and Human Resources Director Jamie Fullenkamp showed that Buezo resigned rather than being terminated. The Board was not

persuaded. "As to factual findings, a court may not 'displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *United Nurses*, 871 F.3d at 777 (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

4. Finally, substantial evidence supported the Board's finding that Remington violated § 8(a)(5) of the Act when it unilaterally stopped scheduling employees by seniority in the engineering and maintenance departments. In part, Remington's argument on this issue relies on Dexter Wray's testimony. Remington again challenges Wray's credibility, but fails to show the Board's credibility determination was "'inherently incredible or patently unreasonable.'" *See United Nurses*, 871 F.3d at 777 (quoting *Retlaw*, 53 F.3d at 1006). Remington did not successfully challenge the evidence the Board relied upon to find this § 8(a)(5) violation.

"We must enforce the Board's order if the Board correctly applied the law and if the Board's findings of fact are supported by substantial evidence on the record viewed as a whole." *NLRB v. Big Bear Supermarkets No. 3*, 640 F.2d 924, 928 (9th Cir. 1980).

Remington's petition for review of the Board's order is **DENIED**. The Board's application for enforcement of its order is **GRANTED**.