NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONAL ASSOCIATION OF
BROADCAST EMPLOYEES AND
TECHNICIANS–COMMUNICATIONS
WORKERS OF AMERICA, LOCAL 51,
AFL-CIO,

       Petitioner,

  v.

NATIONAL LABOR RELATIONS
BOARD,

       Respondent.

No. 22-1782

NLRB Nos.
19-CA-255180
19-CA-259398
19-CA-262203

MEMORANDUM*

NEXSTAR BROADCASTING, INC. DBA
KOIN-TV,

       Petitioner,

  v.

NATIONAL LABOR RELATIONS
BOARD,

       Respondent,

----------------------------------------

No. 22-1783

NLRB Nos.
19-CA-255180
19-CA-259398
19-CA-262203

     *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

NATIONAL ASSOCIATION OF
BROADCAST EMPLOYEES AND
TECHNICIANS–COMMUNICATIONS
WORKERS OF AMERICA, LOCAL 51,
AFL-CIO,

        Intervenor.

NATIONAL LABOR RELATIONS
BOARD,

        Petitioner,

  v.

NEXSTAR BROADCASTING, INC. DBA
KOIN-TV; NATIONAL ASSOCIATION
OF BROADCAST EMPLOYEES AND
TECHNICIANS–COMMUNICATIONS
WORKERS OF AMERICA, LOCAL 51,
AFL-CIO,

        Respondents.

No. 22-1784

NLRB Nos.
19-CA-255180
19-CA-259398
19-CA-262203

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted May 13, 2024
San Francisco, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and KRONSTADT, District
Judge.**

---

      **    The Honorable John A. Kronstadt, United States District Judge for the
Central District of California, sitting by designation.

22-1782

Nexstar Broadcasting, Inc. d/b/a KOIN-TV ("Nexstar") and the National Association of Broadcast Employees and Technicians-Communications Workers of America, Local 51, AFL-CIO ("Union"), each petitions for review of the order by the National Labor Relations Board ("Board") finding that Nexstar violated Sections 8(a)(5) and (1) of the National Labor Relations Act ("NLRA"). The Board cross-applies for enforcement.[1] We have jurisdiction under Section 10(f).[2] Both petitions for review are denied, and the cross-application is granted.

"We must enforce the Board's order if the Board correctly applied the law and if the Board's findings of fact are supported by substantial evidence on the record viewed as a whole." *NLRB v. Big Bear Supermarkets No. 3*, 640 F.2d 924,

---

[1] On July 12, 2023, the Board filed a motion for judicial notice of certain materials that Nexstar filed with the Board. Courts "may take judicial notice of records and reports of administrative bodies," including the NLRB. *Interstate Nat. Gas Co. v. S. California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953). However, the motion is moot because the materials for which judicial notice is requested are not a basis for any of the determinations made in this memorandum.

[2] Section 10(f) of the NLRA provides that "[a]ny person aggrieved by a final order of the Board . . . may obtain a review of such order in" an application to a United States court of appeal. 29 U.S.C. §160(f). Nexstar contends that the Union lacks standing because it is not "aggrieved" within the meaning of Section 10(f). A party is aggrieved if it suffered "an adverse effect in fact." *Oil, Chem. & Atomic Workers Loc. Union No. 6-418 v. NLRB*, 694 F.2d 1289, 1294 (D.C. Cir. 1982) (quoting *Retail Clerks Union 1059 v. NLRB*, 348 F.2d 369, 370 (D.C. Cir. 1965)). The Union has standing because it suffered an "adverse effect" when the Board altered certain remedies ordered by the administrative law judge ("ALJ") which the Union had previously sought.

928 (9th Cir. 1980); *see also Retlaw Broad. Co. v. NLRB*, 172 F.3d 660, 664 (9th Cir. 1999); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951).

1. Neither Nexstar nor the Union challenges certain unfair labor practice findings by the Board. "The law is well settled that the Board is entitled to summary enforcement of the portions of its order that [the petitioner(s)] did not challenge." *NLRB v. Remington Lodging & Hosp., LLC*, 708 F. App'x 425, 425 (9th Cir. 2017) (citing, as an example, *Diamond Walnut Growers, Inc. v. NLRB*, 53 F.3d 1085, 1087 (9th Cir. 1995)). Summary enforcement is granted as to the portions of the Board's order that have not been challenged: specifically, the Board's findings that Nexstar violated Section 8(a)(1) of the NLRA by threatening to revoke wage increases in retaliation for protected activity, prohibiting employees from discussing the Union or wages, and prohibiting employees from distributing Union bulletins.

2. Substantial evidence supports the Board's finding that Nexstar violated Section 8(a)(1) of the NLRA by distributing communications to employees that criticized the Union's initiation fees and monthly dues and claiming that Nexstar was bargaining with the Union on behalf of employees to reduce those amounts. Although an employer may express its views about a union, and even disparage it, such comments are not permitted if they "interfere with, restrain, or coerce employees in the exercise of [their Section 7] rights." 29 U.S.C. § 158(a)(1). The

Board's finding that Nexstar's communications violated Section 8(a)(1) was based on substantial evidence that Nexstar's communications about the Union were false and reckless, and that they undermined employee confidence in the Union. *See, e.g.*, *NLRB v. Ingredion Inc.*, 930 F.3d 509, 515–16 (D.C. Cir. 2019); *Trinity Servs. Grp., Inc. v. NLRB*, 998 F.3d 978, 980 (D.C. Cir. 2021). The Board correctly determined that these communications were not protected under Section 8(c) of the NLRA because they functioned as "implied promises" that Nexstar was bargaining on behalf of employees and could deliver better contract terms if the Union stepped aside. *Trinity Servs. Grp.*, 998 F.3d at 980–81.

3. Substantial evidence supports the Board's finding that Nexstar violated Sections 8(a)(5) and (1) of the NLRA by withdrawing recognition from the Union. "If the union contests the withdrawal of recognition in an unfair labor practice proceeding, the employer will have to prove by a preponderance of the evidence that the union had, in fact, lost majority support at the time the employer withdrew recognition." *Levitz Furniture Co. of the Pac., Inc.*, 333 NLRB 717, 725 (2001), *overruled on other grounds by Johnson Controls, Inc.*, 368 NLRB No. 20, 2019 WL 2893706 (July 3, 2019). In attempting to meet its burden of proof before the Board, Nexstar offered, among other evidence, the testimony of three witnesses who provided their perceptions of the lack of employee support for the Union. This evidence was not sufficient to establish that the union had "lost majority support"

because it was based on hearsay, was not corroborated, and, at most, established only that some employees were critical of the Union. *See Seaport Printing Ad & Specialties*, 344 NLRB 354, 357 n.9 (2005), *enforced*, 192 F. App'x 290 (5th Cir. 2006); *Pacific Coast Supply, LLC*, 360 NLRB 538, 542 (2014), *enforced*, 801 F.3d 321 (D.C. Cir. 2015).

4. Substantial evidence supports the Board's finding that Nexstar violated Sections 8(a)(5) and (1) of the NLRA by unilaterally changing certain terms and conditions of employment. "An employer violates section 8(a)(5) [and (1)] by making any unilateral changes to the mandatory bargaining subjects covered by section 8(d)." *Unite Here! Loc. 878, AFL-CIO v. NLRB*, Nos. 21-70388 & 21-70700, 2022 WL 3010171, at *1 (9th Cir. July 29, 2022) (quoting *Loc. Joint Exec. Bd. of Las Vegas v. NLRB*, 540 F.3d 1072, 1078 (9th Cir. 2008)). Nexstar made such "unilateral changes" to "mandatory bargaining subjects" by assigning a non-bargaining employee to perform bargaining unit work, and by changing a "past practice" with respect to employee leave.

5. Substantial evidence supports the Board's finding that Nexstar violated Sections 8(a)(5) and (1) of the NLRA by failing to bargain in good faith. "Findings as to the good faith of parties involved in collective bargaining is a matter for the Board's expertise and will not be upset unless unsupported by substantial evidence." *NLRB v. Dent*, 534 F.2d 844, 846 (9th Cir. 1976). The Board's finding

was based on evidence that Nexstar failed to provide information requested by the Union, summarily rejected Union proposals, did not present counterproposals, and engaged in other conduct consistent with surface bargaining. *See, e.g.*, *K-Mart Corp. v. NLRB*, 626 F.2d 704, 707 (9th Cir. 1980) ("The refusal to furnish [relevant] requested information is in itself an unfair labor practice, and also supports the inference of surface bargaining."); *NLRB v. Grill Concepts Servs., Inc.*, Nos. 23-78 & 23-361, 2024 WL 726641, at *1 (9th Cir. Feb. 22, 2024) (employer "engaged in surface bargaining by failing to consider the Union's proposals or present counterproposals"). In concluding that this conduct demonstrated Nexstar's "unwillingness to bargain in good faith," *Queen Mary Restaurants Corp. v. NLRB*, 560 F.2d 403, 407 (9th Cir. 1977), the Board properly considered the "totality of [Nexstar's] conduct," *Frankl v. HTH Corp.*, 650 F.3d 1334, 1358 (9th Cir. 2011) (quoting *Hardesty Co.*, 336 NLRB 258, 259 (2001)).

6. Nexstar presented five affirmative defenses to the Board as to its alleged unfair labor practices. Specifically, Nexstar claimed that the Union itself bargained in bad faith, which in turn excused Nexstar's conduct. Nexstar contends that the Board did not fully consider its affirmative defenses. However, the record shows that the Board reasonably evaluated, and then rejected, each of the affirmative defenses. Further, even assuming that the "facts are open to conflicting inferences, . . . we are not at liberty to draw an inference different from the one drawn by the

Board, even though it may seem more plausible and reasonable to us." *NLRB v. Millmen, Loc. 550*, 367 F.2d 953, 956 (9th Cir. 1966).

7. Nexstar challenges three remedies ordered by the Board: (1) an affirmative bargaining order; (2) an affirmative bargaining schedule; and (3) an order that Nexstar provide make-whole relief to employee negotiators. "Once it is established that the Board correctly found that there had been unfair labor practices, its selection of a remedy is accorded great deference." *NLRB v. Selvin*, 527 F.2d 1273, 1277 (9th Cir. 1975). Further, the Board "is granted broad discretion in devising remedies to undo the effects of violations of the [NLRA]." *Detroit Edison Co. v. NLRB*, 440 U.S. 301, 316 (1979). Each of the remedies ordered by the Board complies with these standards. The remedies were also consistent with the prior interim injunction entered by a United States District Court on March 29, 2021. *See Hooks v. Nexstar Broad., Inc.*, No. 21-CV-00177-MO, 2021 WL 1289750 (D. Or. Mar. 29, 2021), *vacated on other grounds*, 54 F.4th 1101 (9th Cir. 2022). Accordingly, ordering these remedies did not constitute a "clear abuse of [the Board's] discretion." *Cal. Pac. Med. Ctr. v. NLRB*, 87 F.3d 304, 308 (9th Cir. 1996) (quoting *NLRB v. C.E. Wylie Constr. Co.*, 934 F.2d 234, 236 (9th Cir. 1991)).

Nexstar and the Union each objects to other remedies ordered by the Board but did not present these objections to the Board. Therefore, we cannot consider

them under Section 10(e) in the absence of "extraordinary circumstances." *NLRB v. Legacy Health Sys.*, 662 F.3d 1124, 1126 (9th Cir. 2011) (quoting 29 U.S.C. § 160(e)). The Union contends that there are extraordinary circumstances because, had the Union delayed its appeal in order to file a motion for reconsideration with the Board, it may have lost the ability to proceed in the circuit of its choosing. This argument is waived, however, because it was not presented in the Union's opening brief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

8. The Union requests that we remand this action to the Board so that it can evaluate any effect of its intervening decision in *Thryv, Inc.*, 372 NLRB No. 22 (Dec. 13, 2022), *vacated in part*, No. 23-60142, 2024 WL 2501700 (5th Cir. May 24, 2024), on the make-whole relief order. An appellate court "reviewing an agency decision following an intervening change of policy by the agency should remand to permit the agency to decide in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act." *NLRB v. Food Store Emps. Union, Loc. 347*, 417 U.S. 1, 10 n.10 (1974). *Thryv* "revisit[ed] and clarif[ied] [the Board's] practice" with respect to make-whole relief. *Thryv*, 372 NLRB at *9. It is not clear that this is an "intervening change of [Board] policy." *Food Store Emps. Union*, 417 U.S. at 10 n.10. For this reason, a remand to the Board is not warranted.

Even if there were an appropriate basis for remand, because the Union failed to raise its request before the Board, we are again barred from considering it in the absence of "extraordinary circumstances." *Legacy Health Sys.*, 662 F.3d at 1126. The Union contends there are extraordinary circumstances because *Thryv* was not issued until after the deadline for the Union to file a timely motion for reconsideration. But "[t]he courts of appeals have generally held that intervening decisional law that suggests to a party a new ground for objection to a Board order is not an extraordinary circumstance within the meaning of section 10(e)." *Szewczuga v. NLRB*, 686 F.2d 962, 971 (D.C. Cir. 1982); *see also, e.g.*, *NLRB v. Pinkerton's Nat. Detective Agency*, 202 F.2d 230, 233 (9th Cir. 1953) (declining to "remand to the Board for consideration of a new objection" arising from case that was "handed down shortly before [] oral argument"); *Cascade Employers Ass'n v. NLRB*, 404 F.2d 490, 492–93 (9th Cir. 1968) ("no extraordinary circumstances present" where petitioner raised objection based on doctrine that "was not clear until after their case had been heard before the Board"). Accordingly, no extraordinary circumstances are present.

**CROSS-APPLICATION FOR ENFORCEMENT GRANTED; PETITIONS FOR REVIEW DENIED.**